IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| General Information Services, Inc., | ) | C/A No. 3:08-324-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | DENYING MOTION FOR |
| LP Software, Inc., | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on motion of Plaintiff General Information Services, Inc.,

("GIS") for full or partial summary judgment.[1]  The court denies this motion based on the presence

of multiple genuine issues of material fact including: (1) whether Defendant LP Software, Inc.,

("LP") had and breached a duty of marketing under any written or oral agreement; (2) the intent of

the "On Going Costs" section of the parties' written agreement; and (3) whether and in what manner

the written agreement was modified by subsequent oral agreement.

As to the duty of marketing, the court notes that the written agreement does not expressly

refer to any duty of marketing by LP.  Neither does GIS mention LP's now-alleged failure to market

the services in its complaint (as a reason for the termination or otherwise).  GIS also failed to

mention this concern either in its responses to Local Civil Rule 26.03 interrogatories or in its

responses to LP's first set of interrogatories.[2]  Finally, the evidence as to LP's marketing efforts does

_____

[1] GIS's motion is captioned as a "Motion for Summary Judgment or Partial Summary Judgment as to Termination of Agreement."  Its content is directed primarily if not exclusively to the validity of GIS's decision to terminate the agreement.  Thus, the motion does not appear to be directed to GIS's obligation to make payments for events (customer searches) predating GIS's purported termination of the agreement.

[2] In its seventh interrogatory, LP requested the reasons or justifications for GIS's termination of the agreement.  GIS responded with a list of five grounds, none of which suggest any breach of

not lead to the singular conclusion that LP failed in any marketing duties which might have been imposed on it. These considerations disfavor entry of summary judgment based on any inference that GIS was justified in terminating the contract due to LP's belatedly-alleged failure to adequately market the new search services or GIS's services in general.

The court rejects GIS's argument that the court should, as a matter of law, construe the On Going Costs Section of the written agreement (including whether payments required under this section could be terminated) against LP as the "drafter" of the agreement.  LP has proffered substantial evidence  that this section was the result of negotiations between the parties including edits proposed by GIS's agent (who is now deceased).  Thus, it is not clear that ambiguities should be construed against either party making it more likely that extrinsic evidence will need to be considered.

The extrinsic evidence proffered by LP includes e-mail exchanges between LP and GIS's agent.  A reasonable fact-finder might conclude based on these e-mails that the payments under the On Going Costs Section were intended as deferred compensation to LP including for indirect benefits conferred on GIS.  Those indirect benefits could, for instance, include GIS's ability to attract or retain customers based on the availability of a broader range of services, whether or not those customers actually used all of the available services.  Such an inference would disfavor any

---

a duty of marketing and some of which are inconsistent with the existence of such a duty.  Instead, GIS refers to: (1) an absence of "mutual meeting of the minds" due to a lack of understanding by either party as to the meaning of the section; (2) "mutual mistake"; (3) "unilateral mistake"; (4) a failure of consideration *because LP was not required to do anything more* than was already required under "separate customer agreements"; and (5) because "the ongoing costs section of the agreement . . . was *gratuitous*, ambiguous, lacked essential terms, was too indefinite, was for an indefinite duration, and upon information and belief, violated the statute of frauds."  Dkt. No. 46-12 at 4 (emphasis added).

requirement that GIS receive direct payment for the new search services before the duty to pay LP is implicated. It would also disfavor GIS's right to unilaterally terminate its duty to make payments.

Finally, GIS's concession in its complaint that oral agreements may have modified the payment terms makes summary judgment inappropriate based on any construction of the written agreement. What limited evidence has been provided as to any oral modifications does not lead to any single inference which would favor summary judgment.[3]

For the reasons set forth above, the court denies GIS's motion for summary judgment. The matter shall proceed to a non-jury trial as set forth under the consent amended scheduling order entered on November 10, 2008. Dkt. No. 43 (non-jury trial to be scheduled on or after April 6, 2009).[4]

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 9, 2009

---

[3] In its complaint, GIS relied on "subsequent separate oral agreements covering referrals to GIS" as its basis for claiming that "LP was to receive payment only if the customer pays for theft database services." Complaint ¶ 11. It also relied on oral agreements for its claim that it "owes LP nothing further." *Id.* ¶ 18. GIS does not, however, refer to or rely on any oral agreements in its present motion. This may be because the present motion is directed solely or primarily to the validity of GIS's decision to terminate the agreement, rather than to the amounts which may be due for pre-termination events. The validity of termination of the written agreement between the parties cannot, however, be resolved without consideration of subsequent oral modifications of that agreement particularly where, as here, the alleged modifications relate to the very duties allegedly terminated: GIS's ongoing duties to make payments to LP.

[4] For purposes of calculating pre-trial deadlines, counsel should substitute the trial-on-or-after date of April 6, 2009, for any reference to the "jury selection date."

3